THOMPSON, J.
 

 This is an appeal from a sentence for violating the prohibition statute.
 

 The case was submitted to this court without either brief or oral argument on the part of the defendant. .
 

 The only error complained of, as disclosed by the record, is the refusal of the judge to charge himself that, before the defendant could be convicted, it was incumbent on the state to prove the exact date on which the offense was committed as set out in the indictment.
 

 It appears that the defendant ran a filling station on a public highway, and a small grocery store and cold drink stand in connection therewith.
 

 His groceries and cold drinks were kept in the front part of the store, and in the rear he kept beer and wine in an ice box. There was no evidence introduced by the state to show the exact date upon which the beer and wine were possessed, but the evidence, introduced without objection, did show that the possession of the prohibited beverages was continuous within a period of three or four months of the date alleged in the indictment, which was September 1, 1927. The indictment was returned by the grand jury and filed September 29, 1927.
 

 Time is not of the essence of the offense charged against the defendant, and all that the state was required to prove was that the offense was committed within the prescriptive period, in the absence ef any objection on the part of the defendant, and in the absence of any special defense that would require the state to prove the date alleged.
 

 No such special defense was made, no bill of particulars was requested, and no objection to proof of a different date than that named in the indictment was made. If any such objection had been made, the state would have had the right to amend the indictment as to the date of the offense.
 

 “In the ordinary cases, where time is not .of the essence- of an offense, the evidence thereof need not correspond with the allegation, but may be admitted to show that the offense was committed at any time, whether before or after that alleged, provided it be within the period of prescription.” State v. Anderson, 136 La. 262, 66 So. 966.
 

 The conviction and sentence are affirmed.